UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LANE,

        Petitioner,

                          CASE NO. 2:17-cv-12193
v.                          HONORABLE GERSHWIN A. DRAIN

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING WITH PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS [8]

**I.**

Petitioner Mark Lane, currently confined at a federal correctional institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a prison disciplinary proceeding which resulted in the loss of fourteen days of good time credits. This matter is before the Court on Respondent's Motion to Dismiss the Petition. For the reasons stated herein, the Court shall GRANT Respondent's Motion, and thus, will DISMISS the Petition under 28 U.S.C. § 2244(a).

1

**II.**

In 2002, Petitioner was convicted of drug and conspiracy offenses in the United States District Court for the Southern District of Indiana, and was sentenced to thirty years imprisonment and five years of supervised release. In 2014, while incarcerated at a federal correctional institution in California, Petitioner received a prison misconduct sanction for refusing to work or accept a program assignment; this sanction resulted in his loss of fourteen days of good time credit and other penalties.

After he was transferred to a federal penitentiary in Leavenworth, Kansas, Petitioner filed a § 2241 petition in the United States District Court for the District of Kansas challenging the proceeding which led to his prison misconduct sanction. He asserts that the Government denied him due process in this proceeding because he was not present at the disciplinary hearing and the hearing officer's conclusion was not based on information sufficient to meet the "some evidence" standard. The district court denied Lane's petition on the merits, *Lane v. Maye*, No. 16-CV-3094, 2016 WL 4430672 (D. Kan. Aug. 22, 2016), and the Tenth Circuit affirmed that decision, *Lane v. Maye*, 671 F. App'x 721 (10th Cir. 2016).

In the petition before this Court, Lane raises the same two claims that he asserted in his prior habeas petition, and a new, third claim that Bureau of Prisons

Code 306 is constitutionally deficient as void for vagueness. Respondent moved to dismiss the petition as an abuse of the writ on September 19, 2017, and Petitioner filed a reply.

## III.

Federal courts may dismiss—without addressing the merits—a petitioner's successive habeas petition if the petitioner raises challenges to his confinement already asserted in his prior habeas petition, or challenges that could have been raised in the earlier petition. Indeed, 28 U.S.C. § 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

*See also McClesky v. Zant*, 499 U.S. 467, 483–84 (1991); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008); *Moses v. United States*, No. 95-5472, 1996 WL 132157, *1 (6th Cir. 1996); *accord Cook v. Pearce*, 639 F. App'x 283, 284 (5th Cir. 2016) (per curiam); *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008); *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam); *Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666, 668 (10th Cir. 2006). "An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct

that disentitle[s] him to the relief he seeks.' " *Schlup v. Delo*, 513 U.S. 298, 318 n.34 (1995) (alteration in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (plurality opinion)).

A petitioner may mount a successful challenge to the government's assertion of an abuse of writ through only two avenues: by showing (1) cause to excuse the failure to raise a claim in a prior petition and actual prejudice from this failure, or (2) the existence of "a fundamental miscarriage of justice." *See McClesky*, 499 U.S. at 494–95. First, to establish cause, petitioners must demonstrate constitutionally ineffective assistance of counsel or that " 'some objective factor external to the defense impeded counsel's efforts.' " *Id*. (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Objective factors external to the defense include interference by officials or factual or legal bases not reasonably available. *Id*. at 494. (citing *Murray*, 477 U.S. at 488). Second, the miscarriage of justice exception requires a showing that "a constitutional violation probably has caused the conviction of one innocent of the crime." *Id*. at 494. Moreover, actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Applying this approach here, Lane's petition fails as an initial matter because he asserts claims that he raised, or could have raised, in the prior habeas

petition. Indeed, Lane unsuccessfully raised in his first habeas petition two claims that he also pursues here—that he was not present at the disciplinary hearing and that the hearing officer's determination was not supported by some evidence. In addition, although Lane presents a new argument that Code 306 is void for vagueness, this contention could have been raised in the prior proceeding.

Petitioner fails to establish that an exception applies to his case. He does not show cause and actual prejudice for his failure to raise these claims in the prior proceeding, and fails to show that a fundamental miscarriage of justice has occurred. His habeas petition, then, is subject to dismissal as successive under § 2244(a) and an abuse of the writ.

## IV.

For the reasons stated above, the Court concludes that the habeas petition is subject to dismissal under 28 U.S.C. § 2244(a) and the abuse of the writ doctrine. Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

A certificate of appealability is not required to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Thus, Petitioner need not request one from this Court or the Sixth Circuit to appeal this decision.

**IT IS SO ORDERED**.

Dated: December 5, 2017　　　　　　　　　　/s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 5, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk